1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT FOR THE

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   ROQUE MENDOZA ZAMUDIO,          )      No. CV-F-05-899 REC
                                    )      (No. CR-F-99-5039 REC)
10                                  )
                                    )      ORDER DENYING PETITIONER'S
11                Petitioner,       )      PETITION FOR REDUCTION IN
                                    )      TERM OF IMPRISONMENT
12           vs.                    )
                                    )
13                                  )
    UNITED STATES OF AMERICA,       )
14                                  )
                                    )
15                Respondent.       )
                                    )
16  _____)

17       On July 12, 2005, petitioner Roque Mendoza Zamudio filed a

18  "Petition for Reduction of Term of Imprisonment", contending that

19  he is entitled to a reduction of his sentence because of the

20  Supreme Court's decisions in United States v. Booker, ___ U.S.

21  ___, 125 S.Ct. 738 (2005), Blakely v. Washington, ___ U.S. ___,

22  124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466

23  (2000).

24       Petitioner brings this motion pursuant to 18 U.S.C. §

25  3582(c)(2) and/or 28 U.S.C. § 2241.

26       Petitioner pleaded guilty pursuant to a written plea

                                  1

1  agreement to conspiracy to manufacture, distribute and possess

2  methamphetamine with intent to distribute.  The plea agreement

3  provided in pertinent part:

4            2.  Agreements by the Defendant.

5            ...

6            (d) The defendant waives his right to
           challenge his sentence or the manner in which
7            it was determined in any post-conviction
           attack, including but not limited to a motion
8            brought under Title 28, United States Code,
           Sections 2241 or 2255.

9
           ...
10
           4.  Nature, Elements, Possible Defenses, and
11           Factual Basis.

12           ...

13           (c) The defendant will plead guilty because
           he is in fact guilty of the crime set forth
14           in Count One of the Indictment.  The
           defendant also agrees that the following are
15           the facts of this case, although he
           acknowledges that, as to other facts, the
16           parties may disagree (the defendant
           specifically denies involvement in the
17           manufacturing activities at 46512 BaldPate,
           Squaw Valley, California):
18
                Beginning at a time unknown but
19                between January, 1998 and
                continuing to February 13, 1999, in
20                Fresno County and elsewhere, State
                and Eastern District of California,
21                the defendant knowingly and
                intentionally entered into an
22                agreement with other individuals to
                manufacture methamphetamine.  The
23                defendant further agrees that this
                conspiracy involved more than 500
24                grams of a mixture containing
                methamphetamine (or 50 grams of
25                actual methamphetamine).

26                Specifically, the defendant leased

2

1

2          the property located at 10389 E.
           Shaw Avenue, Clovis, California,
3          intending to use it to make
           methamphetamine.

4          The defendant and other individuals
           did manufacture methamphetamine at
5          this location.

6          Approximately 169 grams of actual
           methamphetamine was found at this
7          location on February 13, 1999.  In
           addition, one 22-liter vessel
8          (capable of manufacturing
           approximately 7-8 pounds of
9          methamphetamine was found at that
           residence.  Another 22-liter vessel
10         was found in the garage of the
           defendant's residence.

11         The defendant and government do not
           agree as to whether the
12         manufacturing activities at the
           Squaw Valley location were part of
13         this conspiracy or should be
           treated as relevant conduct in
14         computing the defendant's offense
           level.

15
       5.   Potential Sentence.
16
       The defendant understands that since the
17     offense to which he is pleading guilty
       occurred after November 1, 1987, a sentencing
18     guideline range for this case will be
       determined by the Court pursuant to the
19     Sentencing Reform Act of 1984 ... The
       defendant further understands that the Court
20     will impose a sentence within that guideline
       range, unless the Court finds that there is a
21     basis for departure (either above or below
       the range) because there exists an
22     aggravating or mitigating circumstance of a
       kind, or to a degree, not adequately taken
23     into consideration by the Sentencing
       Commission in formulating the guidelines.
24     The following is the maximum potential
       sentence which the defendant faces:

25
           (a)  Imprisonment.
26

3

1

2

Mandatory Minimum: 10
years

Maximum: life

3

Petitioner was sentenced on June 17, 2000 to 135 in custody.

4

Petitioner did not file an appeal.

5

6

Petitioner is not entitled to relief sought by his motion

pursuant to Section 3582(c)(2).  Petitioner's motion is based on

7

rulings by the United States Supreme Court, not on a "sentencing

8

range that has subsequently been lowered by the Sentencing

9

Commission pursuant to 28 U.S.C. 994(*o*) as required by Section

10

3582(c)(2).  See e.g., United States v. Gudino-Martinez, 2005 WL

11

1126840 (E.D.Wash. 2005).

12

Petitioner cannot proceed in this court pursuant to 28

13

U.S.C. § 2241.  Petitioner contends that

14

15

16

17

18

Section 2255's 'Saving Clause' is applicable
here sub judice where Movant did not file a
timely Section 2255 Motion.  'Where Section
2255 is inadequate or ineffective to address
the issues raised, the "Saving Clause" was
incorporated into 2255's stricter conditions
under the AEDPA' to allow a challenge to the
sentence length under § 2241.

19

Here, however, petitioner waived his right to challenge his

20

sentence pursuant to Section 2241.  Petitioner makes no claim

21

that the waiver in the plea agreement was not knowing and

22

voluntary.  Therefore, he cannot rely on Section 2241 to obtain

23

the relief sought by this motion.

24

Petitioner contends that he was denied the effective

25

assistance of counsel because of counsel's failure to file an

26

appeal on the ground that the court enhanced petitioner's

4

1 sentencing guideline range under the preponderance of the

2 evidence standard.  In so arguing, petitioner relies on <u>In re</u>

3 <u>Winship</u>, 397 U.S. 358 (1970) and <u>Sullivan v. Louisiana</u>, 508 U.S.

4 275 (1972), contending that these decisions by the Supreme Court

5 made the court's enhancement of his sentence and the Sentencing

6 Guidelines unconstitutional even before <u>Apprendi</u>, <u>Blakely</u>, and

7 <u>Booker</u>.

8      Because a claim of ineffective assistance of counsel cannot

9 be waived by a plea agreement, <u>see</u> <u>United States v. Pruitt</u>, 32

10 F.3d 431, 433 (9th Cir. 1994), the court examines petitioner's

11 claim.

12      As noted, petitioner seeks to proceed pursuant to 28 U.S.C.

13 § 2241 rather than Section 2255.  Petitioner undoubtedly seeks to

14 do so because his claim of ineffective assistance of counsel

15 based on counsel's failure to appeal is barred by the one-year

16 limitation period set forth in 28 U.S.C. § 2255 and petitioner

17 cannot demonstrate that he is entitled to equitable tolling of

18 the limitation period.  However, petitioner's remedy under

19 Section 2255 is not rendered inadequate or ineffective merely

20 because it is barred by the one-year limitation period.  <u>See</u>

21 <u>Moore v. Reno</u>, 185 F.3d 1054 (9th Cir. 1999), <u>cert. denied</u>, 528

22 U.S. 1178 (2000).

23      ACCORDINGLY:

24      1.  Petitioner's Petition for Reduction of Term of

25 Imprisonment is denied.

26      2.  The Clerk of the Court is directed to enter judgment for

1   respondent.IT IS SO ORDERED.

2   668554**Dated:   July 13, 2005**                       **/s/  Robert E. Coyle**
                                        UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26